IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

GARY MIKUS,
JAMES MICHAEL BUTLER,
MICHAEL CORNETT, AND
ZACHARY THOMAS,

    PLAINTIFFS,                 CIVIL ACTION NO.

V.

CITY OF HANCEVILLE,

    DEFENDANT.                TRIAL BY JURY REQUESTED

## COMPLAINT

COME NOW the Plaintiffs by and through the undersigned attorneys, and for the causes of action, states the following:

**I.    JURISDICTION AND VENUE**

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202, and pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*  District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. §1331.  The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

1

## II.    PARTIES

2.    Plaintiff Gary Mikus (hereinafter "Mikus" and/or "Plaintiff") is a resident of Cullman, Cullman County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Northern District, Northeastern Division. Plaintiff Mikus' consent is attached collectively as Exhibit A.

3.    Plaintiff James Michael Butler (hereinafter "Butler" and/or "Plaintiff") is a resident of Hanceville, Cullman County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Northern District, Northeastern Division. Plaintiff Butler's consent is attached collectively as Exhibit A.

4.    Plaintiff Michael Cornett (hereinafter "Cornett" and/or "Plaintiff") is a resident of Hanceville, Cullman County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Northern District, Northeastern Division. Plaintiff Cornett's consent is attached collectively as Exhibit A

5. Plaintiff Zachary Thomas (hereinafter "Thomas" and/or "Plaintiff") is a resident of Hanceville, Cullman County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Northern District, Northeastern Division. Plaintiff Thomas' consent is attached collectively as Exhibit A.

6. Defendant, City of Hanceville (hereinafter "Defendant"), is a municipal corporation organized pursuant to the laws of the State of Alabama. Defendant is an employer within the contemplation of the FLSA as defined by 29 U.S.C. §§ 203(d), 203(r)(1), 203(r)(2)(C) and 203(x). Therefore, this Court has personal jurisdiction over Defendant. Defendant is an employer within the meaning of the FLSA.

### III. FACTUAL SUMMARY

7. Plaintiffs adopt by reference each and every material averment contained in paragraphs 1-6 above as if fully set forth herein.

<u>Gary Mikus</u>

8. Defendant hired Plaintiff Mikus in 2009.

9. Defendant currently employs Plaintiff Mikus.

10. Defendant paid Plaintiff based on an hourly rate of $8.53 per hour.

3

James Michael Butler

    11.    Defendant hired Plaintiff Butler in August 2009.

    12.    Defendant currently employs Plaintiff Butler.

    13.    Defendant previously employed Plaintiff Butler in November 2007.

    14.    Defendant paid Plaintiff Butler based on an hourly rate of $9.47 per hour.

Michael Cornett

    15.    Defendant hired Plaintiff Cornett on September 1, 2009.

    16.    Defendant terminated Plaintiff Cornett on October 14, 2014.

    17.    Defendant paid Plaintiff Cornett based on an hourly rate of $9.66 per hour.

Zachary Thomas

    18.    Defendant hired Plaintiff Thomas in October 2010.

    19.    Defendant currently employs Plaintiff Thomas.

    20.    Defendant paid Plaintiff Thomas based on an hourly rate of $8.58 per hour.

**IV.** **COUNT ONE – FLSA – Overtime Violations**

    21.    Plaintiffs adopt by reference each and every material averment contained in paragraphs 1 through 20 above as if fully set forth herein.

22. During the three years preceding the filing of this complaint, Defendants employed Plaintiffs as firefighters in the service of the City of Hanceville.

23. Defendant classified all Plaintiffs as hourly paid, non-exempt employees.

24. Defendant employs Plaintiffs on a full time basis as firefighters with a regular shift schedule of working 24 hours "on" and 48 hours "off" on a rotating basis.

25. Each Plaintiff performs firefighter duties of fire suppression, paramedic, emergency medical technician, and performing other firefighting duties.

26. Defendant employs Plaintiffs in the above activities, such that each Plaintiff has been engaged in the prevention, control and extinguishment of fires and/or responding to emergency situations where life, property or the environment was at risk.

27. Defendant employed five or more employees, some full-time and some part-time, for the purposes of engaging fire protection activity on some or each work week for the three years preceding the filing of this complaint.

28. Defendant is a public agency subject to 29 U.S.C. § 207(k).

29. Defendant has not paid Plaintiffs an overtime premium as called for under 29 C.F.R. § 553.230.

30. Defendant pay Plaintiffs on a bi-weekly basis for hours worked during the preceding two weeks.

31. Plaintiffs worked 96 hours one pay period and 120 hours the second pay period for a total of 216 hours during a four-week period.

32. Despite Plaintiffs' request of Defendant, Plaintiffs have never been informed as to the work periods that Defendant claims Plaintiffs work performing their firefighter duties on behalf of Defendant.

33. Regardless of whether Defendant claims that Plaintiffs are employed on a seven day, fourteen day or twenty-eight day work period, Plaintiffs are entitled to overtime pay for hours worked in excess of that allowed by 29 C.F.R. § 553.230 for the three years preceding the filing of this complaint.

34. Plaintiff Mikus has pointed out to both the Fire Chief, Roger Green, and to the Mayor of Defendant that Defendant is not in compliance with the FLSA in regards to how it pays overtime to firefighters. No change has been made in Defendant's overtime payment practices to firefighters despite these complaints.

35. For the three years preceding the filing of this complaint, Defendant has willfully failed to pay Plaintiffs overtime premium for hours worked in excess of that required by the FLSA and its interpreting regulations, in any work week in which it has employed five or more persons in fire protection activities.

## V. PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays for the following relief:

A. That the Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award Plaintiffs the amount of their back overtime pay, liquidated damages, special damages, nominal damages;

C. That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fee, costs, and disbursements.

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

OF COUNSEL:

ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, AL  35203
205.252.1550 – Office
205.252.1556 – Facsimile

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY FOR THE TRIAL OF THIS CAUSE.

_____
COUNSEL FOR PLAINTIFF

**SERVE DEFENDANT:**

City of Hanceville
c/o Any Officer or Agent
112 Main Street SE
Hanceville, AL 35077